UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAIME PADILLA,

              Petitioner,

   v.

LOWELL CLARK, et al.,

              Respondents.

Case No. C20-840-RSL-MAT

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE

## I.    INTRODUCTION

Petitioner, who is currently detained in U.S. Immigration and Customs Enforcement ("ICE") custody at the Northwest ICE Processing Center in Tacoma, Washington, brings this 28 U.S.C. § 2241 habeas action through counsel to obtain release from detention or a bond hearing. Currently before the Court is Petitioner's motion for a temporary restraining order ("TRO") seeking the ultimate relief requested in this case: immediate release or a bond hearing at which the U.S. Department of Homeland Security ("DHS") bears the burden of justifying his detention by clear and convincing evidence. (Dkt. 2.) The Government opposes the motion. (Dkt. 5.) Having considered the parties' submissions, the balance of the record, and the governing law, the Court DENIES the motion for a TRO and sets a briefing schedule on the merits of the habeas petition.

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
AND SETTING BRIEFING SCHEDULE -
1

## II. BACKGROUND

Petitioner is a native and citizen of Mexico who initially entered the United States without inspection in 1993. In 1996, he married a U.S. citizen, and he has one U.S. citizen step-child and three biological U.S. citizen children.

In 1997, Petitioner was granted voluntary return to Mexico but returned to the United States the same year, again without inspection. In 2008, Petitioner left the United States to pursue consular processing of a visa application his wife filed on his behalf. In 2009, however, he returned to the United States using false documents.

On November 9, 2019, Petitioner was arrested for Assault in the Fourth degree with sexual motivation, a gross misdemeanor, based on allegations that when he entered a tenant's apartment to survey repairs, he touched her without permission. The charge is being contested and has not yet been resolved. ICE agents encountered him while he was in jail, and he has been held in ICE custody since November 12, 2019.

ICE subsequently commenced removal proceedings against him and an individual hearing is scheduled for June 30, 2020. Petitioner has filed applications for adjustment of status based on his marriage to a U.S. citizen or, alternatively, cancellation of removal under 8 U.S.C. § 1229b(a).

On December 2, 2019, Petitioner received a bond hearing before an Immigration Judge ("IJ"). He was represented by counsel. In accordance with 8 C.F.R. § 1236.1(c)(8) and *Matter of Urena*, 25 I&N Dec. 140 (BIA 2009), the IJ placed the burden of proof on Petitioner to show that he was not a danger to the community or a flight risk. The IJ considered Petitioner's family status, including the fact that his wife and four children are U.S. citizens; Petitioner's employment situation, noting that he owned his own business, employed others, and was a

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
AND SETTING BRIEFING SCHEDULE -
2

landlord; letters of support for Petitioner; Petitioner's criminal history, which included 2004 domestic violence charges that were dismissed and the 2019 assault charge that remains pending; and the history of complaints that Petitioner inappropriately and sexually touched women whom he encountered through his construction business. Based on that pattern of recent conduct, the IJ found Petitioner had failed to establish he was not a danger to the community. As a result, the IJ denied bond. Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), and his appeal remains pending.

On May 11, 2020, Petitioner filed a motion with the immigration court requesting a bond hearing at which DHS would have the burden of proving by clear and convincing evidence that he presents a danger to the community or a flight risk. On May 20, 2020, the IJ denied the request for a hearing, stating that the length of Petitioner's detention did not establish a material change in circumstances regarding his dangerousness to the community.

On June 3, 2020, Petitioner initiated the instant habeas action through counsel. He argues that the IJ's decision to deny him a bond hearing where the burden of proof is on the government violates the Due Process Clause. He contends the record does not support the conclusion that he is a danger to the community under the clear and convincing evidence standard. On June 10, 2020, Petitioner filed the motion for a TRO that is currently before the Court. On June 12, 2020, the Government filed an opposition as permitted by the Local Rules.

III.   DISCUSSION

A TRO is "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). "The proper legal standard for preliminary injunctive relief requires

a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).[1]

Because Petitioner seeks a TRO ordering the Government to take action, rather than to preserve the status quo, he is seeking a mandatory injunction. *See Garcia v. Google*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009). Mandatory injunctions are "particularly disfavored," and as such, the moving party's burden is "doubly demanding." *Garcia*, 786 F.3d at 740 (quoted source omitted). Rather than simply showing he is likely to succeed, he "must establish that the law and facts *clearly favor* [his] position." *Id.* (emphasis in original).

With respect to the first *Winter* factor, likelihood of success on the merits, Petitioner contends that his current detention violates the Due Process Clause and that he is entitled to immediate release or a bond hearing where the Government bears the burden of proof by clear and convincing evidence. The Government responds that Petitioner has not exhausted his administrative remedies and that he has received all the benefits of due process to which he is entitled. As discussed below, the Court finds exhaustion dispositive for purposes of this motion and therefore declines to address the due process arguments.

---

[1] The Ninth Circuit has held that, as an alternative to this test, a preliminary injunction is appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply" in the moving party's favor, thereby allowing preservation of the status quo when complex legal questions require further inspection or deliberation. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). However, the "serious questions" approach supports a court's entry of a TRO only so long as the moving party also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1135.

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
AND SETTING BRIEFING SCHEDULE -
4

The Ninth Circuit has held that the proper procedure to challenge an IJ's bond determination is to appeal to the BIA, wait for the BIA to render its decision, and then file a habeas petition in the district court. *Leonardo v. Crawford*, 646 F.3d 1157, 1159-61 (9th Cir. 2011). The exhaustion requirement, however, is prudential, rather than jurisdictional. *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). Therefore, it may be waived. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). When deciding whether to require prudential exhaustion, courts consider whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). Even if these factors weigh in favor of prudential exhaustion, waiver of exhaustion may be appropriate "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)).

Petitioner's motion for a TRO does not address exhaustion, and in his habeas petition he simply asserts the he "has exhausted all available administrative remedies that can provide the relief he seeks." (Dkt. 1 at 5.) Petitioner, however, has an appeal of his initial bond hearing pending before the BIA, and if it is granted, he may obtain the ultimate relief he seeks here—release from detention. Furthermore, there is no indication in the record that Petitioner has appealed the IJ's recent denial of his request for a second bond hearing. Allowing Petitioner to proceed with this action could encourage others to bypass the administrative scheme. While

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
AND SETTING BRIEFING SCHEDULE - 5

Petitioner may be able to present facts and argument that will justify waiver of the prudential exhaustion requirement, he has not done so at this time. Given the outstanding questions regarding exhaustion, the Court cannot find that he has met his demanding burden of showing that the facts and the law clearly favor his position. As this issue is dispositive, the Court need not consider the remaining *Winter* factors. *See Garcia*, 786 F.3d at 740 ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three [Winter elements]." (internal quotation marks omitted)).

## IV.    CONCLUSION

Based on the foregoing, the Court ORDERS:

(1)    Petitioner's motion for a TRO (Dkt. 2) is DENIED.

(2)    If not previously accomplished, electronic posting of this Order and petitioner's § 2241 habeas petition shall effect service upon the United States Attorney of the petition and all supporting documents. Service upon the United States Attorney is deemed to be service upon the named respondents.

(3)    **Within 30 days of the date this Order is posted**, respondents shall show cause why a writ of habeas corpus should not be granted by filing a return as provided in 28 U.S.C. § 2243. As a part of such return, respondents shall submit a memorandum of authorities in support of their position, and should state whether an evidentiary hearing is necessary. Respondents shall file the return with the Clerk of the Court and shall serve a copy upon petitioner.

(4)    The return will be treated in accordance with LCR 7. Accordingly, on the face of the return, respondents shall note it for consideration on the fourth Friday after it is filed, and the Clerk shall note the return accordingly. Petitioner may file and serve a response not later than the Monday immediately preceding the Friday appointed for consideration of the matter, and

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
AND SETTING BRIEFING SCHEDULE - 6

respondents may file and serve a reply brief not later than the Friday designated for consideration of the matter.

(5) If petitioner's custody status changes at any point during this litigation, **respondents shall file a status update with the Court as soon as possible and no later than 14 days after the change.**

Dated this 16th day of June, 2020.

ROBERT S. LASNIK
United States District Judge

Recommended for Entry
This 15th day of June, 2020.

/s/ Mary Alice Theiler
MARY ALICE THEILER
United States Magistrate Judge

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
AND SETTING BRIEFING SCHEDULE - 7